

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Jack Wiech
County Attorney
Cameron County
Brownsville, Texas

Attention:  Wm. Scanlan
Opinion Number O-2985
Re:  Does Article 6797, relative to
bridges and ferries, contemplate that
the interest as well as principal of
bonds thereunder be retired solely
upon the revenues assessed and col-
lected as tolls?

Dear Sir:

We acknowledge receipt of your opinion request of recent date and quote from your letter as follows:

"The Commissioners' Court of this County contemplates the construction of a causeway over Laguna de la Madre between the mainland and Padre Island, and, in connection therewith, has been studying the statutes relative to bridges and ferries, being Article 6794, Revised Statutes of Texas, 1925, et seq. and a difference of opinion has arisen relative to the construction to be placed upon Article 6797.

"The said Article 6797 reads as follows:

"'Whenever any county bonds are issued to build bridges, the commissioners court may assess and collect tolls on said bridges sufficient to pay the interest on bonds so issued; <u>and, if thought proper, sufficient to pay the interest and create a sinking fund with which to pay the principal at maturity, all of which shall be done under such rules as said court may prescribe.</u>' (underlining ours)

"and, there being no authorities construing the said statute, your opinion is requested as to whether that part of the statute hereinabove quoted and underlined, contemplates that the interest as well as principal of the bonds thereunder be retired solely upon revenues assessed and collected as tolls or whether, in addition to tolls, an ad valorem tax would be contemplated

as security for either or both the principal and interest on said bonds."

We find no authority under the laws of this State providing for the issuance of revenue bonds for the purpose of building bridges. We do not believe that Article 6797 of Vernon's Annotated Civil Statutes provides for the issuance of any kind of bonds, said article simply provides that whenever county bonds are issued to build bridges the Commissioners' Court may assess and collect tolls on said bridges sufficient to pay the interest on said bonds so issued and to create a sinking fund with which to pay the principal at maturity.

Bonds voted for the construction of bridges must be tax bonds, voted under the general laws and the Constitution of the State of Texas, and a sufficient levy made out of county funds to create a sinking fund with which to pay the interest and principal at maturity. Acting under authority of Article 6797 the Commissioners' Courts may in their discretion assess and collect tolls on said bridges erected from the issuance of said bonds to supplement the sinking fund; however, we call your attention to the fact that if county bonds voted for the purpose of building bridges were presented to this department for approval we could not take into consideration, in determining the county's ability to pay for said bonds, the fact that the Commissioners' Court was assessing and collecting tolls.

Answering your question specifically, and based upon the above reasons, it is our opinion that Article 6797 does not contemplate that the interest as well as the principal of the bonds issued for bridges be retired solely upon revenues assessed and collected as tolls, but a sufficient ad valorem tax must be levied to take care of the principal and interest on said bonds.

APPROVED: FEB 3, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ Claud O. Boothman
Claud O. Boothman, Assistant

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

COB-s:wb